HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA,<br><br>          *Plaintiff*,<br>  v.<br><br>CITY OF SEATTLE, *et al.*,<br><br>          *Defendants*. | Case No. C16-322RSL<br><br>PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD<br><br>Note on Motion Calendar: August 12, 2016 |

The Chamber respectfully requests to supplement the record with the Declaration of Timothy J. O'Connell, along with seven documents relevant to Defendants' motion to dismiss. The Chamber received these documents from Defendants after filing its Supplemental Memorandum In Opposition to Defendants' Motion to Dismiss.[1]

1.    The Chamber filed its Supplemental Memorandum on June 27, 2016. Dkt. 49. It argued that a July 1, 2016 tax increase of $0.04 per ride on Transportation Network Coordinators (TNCs) constitutes an "ongoing monetary injury inflicted upon the Chamber's members as a result of the [collective bargaining] Ordinance." *Id.* at 1.

---

[1] Plaintiff conferred with counsel for Defendants prior to filing this motion, and Defendants do no object to the motion.

MOTION TO SUPPLEMENT THE RECORD - 1
Case No. 2:16-cv-00322 RSL

2.  The Court authorized the City to file a response, and it did so on July 11, 2016. Dkt. 53.

3.  On June 30, 2016, after the Chamber had filed its Supplemental Memorandum and before the City filed its response, the Chamber received a production of documents from the City in response to a records request submitted March 25, 2016, under the Washington Public Records Act. *See* Decl. of Timothy J. O'Connell at ¶ 3. On July 13, 2016, while preparing for the argument on the City's Motion to Dismiss that is scheduled for July 19, counsel reviewed these documents in detail for the first time. Several of these documents refer to Council Bill 118499, which was enacted as Seattle Ordinance 124524, the collective-bargaining Ordinance challenged in this case. The documents also refer to "FAS," the Seattle Department of Finance and Administrative Services, which is responsible for implementing the Ordinance.

4.  The documents are as follows:

5.  An email chain between city employees Katherine Tassery and Tony Kilduff stating that "the need [for the data system] in 2016 is a result of the collective bargaining legislation proposed this year." O'Connell Decl. Ex. A. at 1. The email explains that "implementing the requirements of CB 118499 triggered FAS identifying the need for the data system in 2016, as described in the attached memo," and that "FAS would likely have requested funding for such a system at some point in the future, but the proposed legislation is what triggers the need for such a system in 2016." *Id.*

6.  A memorandum (attached to the previous email) titled "Cost Estimate – Driver Collective Bargaining," listing the costs of implementing the collective-bargaining Ordinance. *Id.* Ex. B. According to the memorandum, the Ordinance will require an array of new employees, professional assistance, and new technology:

    a. "Two Strategic Advisor 2 positions … needed to develop the rules, manage a professional services contract for conducting the potentially multiple elections,

MOTION TO SUPPLEMENT THE RECORD - 2
Case No. 2:16-cv-00322 RSL

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

and to perform the ongoing work," *id.* at 2, at a cost of $143,413 per Advisor for 2016, *id.* at 3.

  b. "Outside legal services for collective bargaining election expertise not available in the City Attorney's Office," *id.* at 2, at a cost of $142,500 for 2016, *id.* at 3.

  c. "A permanent Administrative Specialist 3" for "office maintenance, election notifications, application review, and complaint management," *id.* at 2, at a cost of $87,762 each year, *id.* at 3.

  d. "[P]rofessional auditors" to "[e]nforc[e] controls required by the legislation," ensure "integrity in the election process," and verify the "statements of interests and the decertification petitions," *id.* at 2, at a cost of $150,000 each year.

  e. A new high-capacity data system "to manage union elections," *id.* at 2, at a cost of $1.1 million, *id.* at 3, though the memo notes that in some future year "there eventually will be a need to develop a data system" to track for-hire drivers regardless of collective bargaining, *id.* at 2.

  f. In all, the memorandum estimates the total cost estimate for driver collective bargaining at $2,177,501 for 2016 and $632,175 for ongoing cost. *Id.* at 3.

  7. An email chain between Katherine Tassery and Tony Kilduff in which Tassery asks "what sort of budget change" Councilmember O'Brien would propose to fund the "TNC collective bargaining legislation," and Kilduff responds, "Green sheet to increase appropriation authority by $2.2M.  I assume I should increase revenues by the same." *Id.* Ex. C.

  8. A "Seattle City Council Green Sheet" (attached to the previous email), discussing the need to "increase FAS appropriations by $2,177,501," along with a "Cost Estimate for Driver Collective Bargaining," which lists the total cost for 2016 at $2,177,501. *Id.* Ex. D.  The documents states further that "revenue to support this add would come through an increase in certain for-hire fees and charges." *Id.*

MOTION TO SUPPLEMENT THE RECORD - 3
Case No. 2:16-cv-00322 RSL

9. An email between city employee Jasmine Marwaha and Councilmember O'Brien, noting that Marwaha removed the heading from the "previous green sheet" "so that it reflects the bigger vision for TNC regulation/administration discussed in the green sheet." *Id.* Ex. E.

10. A revised "Seattle City Council Green Sheet" (attached to the previous email) without the heading "Cost Estimate for Driver Collective Bargaining" at the top of the budget table. *Id.* Ex. F.

11. An email chain between Katherine Tassery and Tony Kilduff in which Kilduff notes that he posted the estimate of "costs to implement the TNC collective bargaining legislation" and was "posting a follow up on the impact on fees/charges." *Id.* Ex. G. Tassery responds that she had "posted the response to the revenue question for the TNCs," and "[t]he intention was to spread the cost over several years so that the per trip fee is not spiking up for the one-time costs incurred in the first year." *Id.*

12. These documents show that the City would have no need in 2016 for its new high-capacity data system, which it states was the primary reason for the tax increase, were it not for the need to manage union elections for the collective-bargaining Ordinance. *Id.* Ex. A.

13. They also show that the City figured other costs of implementing collective bargaining into its justification for a budget and revenue increase. These costs include hiring staff to draft regulations, hiring staff to manage elections and other aspects of the Ordinance, and hiring outside counsel. *Id.* Ex. B. The emails expressly tie the "costs to implement the TNC collective bargaining legislation" to the "per trip fee." *Id.* Ex. G at 1-2. The budget tables list these costs in clear detail and state that "revenue to support this [additional cost] would come through an increase in certain for-hire fees and charges." *Id.* Ex. E.

14. Finally, these documents show that the tax increase was already imminent at the time the Chamber filed its complaint. The emails occurred in October 2015, and the City already had concrete plans at that time to impose the fee increase on TNCs to fund the collective-bargaining Ordinance if it passed, well before the Chamber filed its complaint on March 3, 2016.

MOTION TO SUPPLEMENT THE RECORD - 4
Case No. 2:16-cv-00322 RSL

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

15. Because these documents are relevant to the matter before the Court and would assist it in resolving the Defendant's motion, the Court should consider them along with the other evidence submitted in this matter. *See, e.g.*, *McDonald v. OneWest Bank, FSB*, 929 F. Supp. 2d 1079, 1090, 1099 (W.D. Wash. 2013) (Lasnik, J.) (granting motion to supplement the record with documents that were "of obvious interest in the case"); *see also St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (court has wide latitude in conducting proceedings to resolve factual disputes on matters of jurisdiction).

Dated July 15, 2016                     Respectfully submitted,

By: *s/ Timothy J. O'Connell*
Timothy J. O'Connell, WSBA 15372
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
(206) 624-0900
(206) 386-7500 FAX
Tim.oconnell@stoel.com

Lily Fu Claffee
(D.C. Bar No. 450502)
(pro hac vice)

Steven P. Lehotsky
(D.C. Bar No. 992725)
(pro hac vice)

Warren Postman
(D.C. Bar. No. 995083)
(pro hac vice)

U.S. CHAMBER LITIGATION CENTER
1615 H Street, N.W.
Washington, D.C. 20062
(202) 463-3187
slehotsky@uschamber.com

Noel J. Francisco
(D.C. Bar No. 464752)
(pro hac vice)

Jacqueline M. Holmes
(D.C. Bar No. 450357)
(pro hac vice)

Christian G. Vergonis
(D.C. Bar No. 483293)
(pro hac vice)

Robert Stander
(D.C. Bar No. 1028454)
(pro hac vice)

JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
(202) 879-3939
(202) 616-1700 FAX
nfranscisco@jonesday.com

ATTORNEYS FOR PLAINTIFF

MOTION TO SUPPLEMENT THE RECORD - 5
Case No. 2:16-cv-00322 RSL

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties who have appeared in this case

DATED: July 15, 2016 at Seattle, Washington.

STOEL RIVES LLP

*s/ Timothy J. O'Connell*
Timothy J. O'Connell, WSBA No. 15372
600 University Street, Suite 3600
Seattle, WA  98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Email: tim.oconnell@stoel.com

MOTION TO SUPPLEMENT THE RECORD - 6
Case No. 2:16-cv-00322 RSL